LOLLEY, J.
12George Ray Sebren, Jr. (“Ray”) appeals the judgment by the Fourth Judicial District Court for the Parish of More-house, which awarded domiciliary custody of his minor child to the mother, Lee Se- *1033 bren Walters (“Lee”), and awarded Ray physical custody every other weekend, with specific custody arrangements on holidays and special occasions. For the following reasons, we affirm.
Facts
Lee and Ray were married in 1996. Ray adopted Lee’s daughter from a previous relationship who was born in 1993. In 1997, the couple’s son was born. The couple divorced in 2000. Thereafter, the parents maintained joint custody of the children, with Lee designated as the domiciliary parent. This custody plan was then changed by a consent decree of both parties. The new custody order gave sole custody of their daughter to Lee, while allowing |svisitation by Ray. The couple’s son remained in the joint custody of both parents with Lee designated as the domiciliary parent.
In 2008, Ray filed a rule to modify custody. Based on material changes in the circumstances Ray sought to be made the domiciliary parent of the son. He claimed Lee was neglecting their son, intensifying efforts to keep their son from having a relationship with him, permitting their son to engage in inappropriate behavior on the internet, and suffering from a mental disability that was causing instability. The couple was then ordered to go before a hearing officer on this matter. After a conference with a hearing officer in June 2008, the hearing officer recommended that the custody arrangement remain the same. Ray objected to this recommendation and moved for a hearing before a judge on the matter. Before the hearing occurred, however, the parents entered into a consent decree that they would have joint custody of their son, with Ray designated as the domiciliary parent and physical custody would rotate on a week to week basis. This plan was put into action by the trial court’s judgment in August 2008.
After implementation of this custody arrangement, however, both parents agreed that the arrangement was not in the best interest of the child. Subsequently, Ray filed a rule to modify custody, which Lee answered and filed a reconventional demand. Both parties sought domiciliary custody of |4the child and proposed the other parent be afforded visitation with the child every other weekend. In June 2009, the couple again attended a conference before a hearing officer. The hearing officer issued his recommendation: the parents have joint custody of their son, with Lee designated as domiciliary parent and Ray given physical custody every other weekend. Ray objected to the recommendation and requested a hearing before the court. This new custody arrangement was set into motion in the interim before a hearing occurred. Trial on this issue began in September 2009, and continued intermittently in February and May 2010. The trial court then issued a judgment in June, adopting the recommendation of the hearing officer by awarding joint custody to the parents with Lee designated as domiciliary parent and Ray having physical custody every other weekend. This appeal followed.
Law and Discussion
On appeal Ray argues the trial court erred in its judgment that Lee should be designated the domiciliary parent because an evaluation of the best interest of the child factors weighs in his favor and that the trial court, in error, based its judgment solely on the preference of the child. Namely, Ray claims he better serves his son by his dedication to his son’s education, parenting, attention to his son’s medical care, stability and family unit, |smental health, and facilitation of a close relationship between Lee and their son. Lee argues that the judgment is reasonable and should not be disturbed.
*1034 The paramount consideration in any determination of child custody is the best interest of the child. La. C.C. art. 131; Evans v. Lungrin, 1997-0541 (La.02/06/98), 708 So.2d 731; Semmes v. Semmes, 45,006 (La.App.2d Cir.12/16/09), 27 So.3d 1024. The court is to consider all relevant factors in determining the best interest of the child. La. C.C. art. 134. The trial court is not bound to make a mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134, but should decide each case on its own facts in light of those factors. Semmes, supra. These factors are not exclusive, but are provided as a guide to the court, and the relative weight given to each factor is left to the discretion of the trial court. Semmes, supra.
To the extent feasible, and in the best interest of the child, physical custody of the child should be shared equally. La. R.S. 9:335(A)(2)(b). Yet, when the trial court finds that a decree of joint custody is in the best interest of the child, the statute does not necessarily require an equal sharing of physical custody. Semmes, supra. Substantial time, rather than strict equality of time, is mandated by the legislative scheme providing for joint custody of children. Pender v. Pender 38,649 (La.App.2d. Cir.05/12/04), 890 So.2d LI. Continuity and stability of environment are important factors to consider in determining what is in the best interest of the child. Id.
In the area of domestic relations, much discretion is vested in the trial judge, particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of credibility of witnesses. When findings of fact are based upon a decision regarding credibility of witnesses, respect should be given to those conclusions for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on understanding and believing what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The determination by the trial court regarding child custody is entitled to great weight and should not be disturbed on appeal absent a clear abuse of discretion. Pender, supra. An appellate court should be reluctant to interfere with custody plans implemented by the trial court in the exercise of its discretion. Pender, supra.
In the case sub judice the trial court stated in its judgment, “The [La. C.C. art.] 134 factors were found to be virtually equal in many respects. However, factor 9 served as the ultimate factor in this case. Judgment is rendered in favor of Lee Se-bren Walters.” Factor 9 of article 134 states, “The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.” The language in the judgment | ^indicates that while the trial court considered the child’s preference, it was not the sole determining factor. It is within the trial court’s discretion to evaluate the case under the factors and assign the appropriate amount of weight to each. The child was 11 years old when the trial began, and 12 years old when it concluded. It is completely reasonable that the preference of a child that age would be taken into consideration in determining with which parent the child should reside. Additionally, the case went before both a hearing officer and the trial court, and both drew the same conclusion. The record also indicates that not only did the attorneys in this case thoroughly question each witness about the considerations enumerated in the best interest of the child factors, but the trial court itself did as well. All of the assertions made on appeal were made before the trial court and thoroughly addressed at that level by the hearing officer, court, and attorneys. We find there to be no abuse of discretion by the trial court, therefore, the judgment is affirmed.
*1035 Conclusion
For the foregoing reasons, the judgment in favor of Lee Sebren Walters is affirmed, and all costs of this appeal are assessed to the appellant George Ray Sebren.
AFFIRMED.